U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 1 2 2019

CLERK, U.S. DISTRICT COURT
By_____
   Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALFREDO MALACHI HEARD, | § | |
| Movant, | § | |
| VS. | § | NO. 4:19-CV-652-A |
| | § | (NO. 4:15-CR-129-A) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Alfredo Malachi Heard, movant, to set aside, vacate, or correct sentence under 28 U.S.C. § 2255. The court, having considered the motion, the government's response, the record in the underlying criminal case, No. 4:15-CR-129-A, styled "United States v. Humberto Macedo, et al.," and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On December 9, 2015, movant was named, along with others, in one count of a three-count superseding indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of

methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 157. Movant was a fugitive for a period of time. CR Doc. 416. On January 13, 2017, movant appeared before the court with the intent to enter a plea of guilty to the offense charged with the benefit of a plea agreement. CR Doc. 449. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 451. They had earlier signed a plea agreement, which was presented to the court. CR Doc. 450. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. .

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:15-CR-129-A.

2

The probation officer prepared the PSR, which reflected that movant's base offense level was 34. CR Doc. 459, ¶ 33. He received two-level enhancements for possession of firearms, id. at ¶ 34, importation from Mexico, id. at ¶ 35, and maintaining a drug premises, id. at ¶ 36. He received a two-level and a one-level reduction for acceptance of responsibility. Id. at ¶¶ 42, 43. Based on a total offense level of 37 and a criminal history category of IV, movant's guideline range was 292 to 365 months. Id. at ¶ 96. Movant filed objections, CR Doc. 485, and the probation officer prepared an addendum to the PSR rejecting the objections. CR Doc. 464.

On May 12, 2017, the court sentenced movant to a term of imprisonment of 292 months. CR Doc. 476. Movant appealed, CR Doc. 483, and the judgment was affirmed. United States v. Heard, 891 F.3d 574 (5th Cir. 2018).

II.

Grounds of the Motion

Movant raises three grounds in support of his motion, worded as follows:

**GROUND ONE:** Ineffective or deficient representation of defense counsel.

Doc.[2] 1 at PageID[3] 4.

    **GROUND TWO**: Constitutional rights violated.

Id. at PageID 5.

    **GROUND THREE**: Illegal sentence exceeding sentencing guidelines and 18 U.S.C. § 3553.

Id. at PageID 6.

## III.

### Standards of Review

A.   <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3]The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the type-written page numbers on the form used by movant are not the actual page numbers.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before

examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In support of his first ground, movant alleges as supporting facts:

> Movant, Alfredo Heard, was clearly subjective to
> ineffective or deficient representation during a
> criminal matter, as evidenced by counsels failure to

6

>           assure movant's constitutional rights were protected,
>           and inclusive of, but not limited to, counsel's failure
>           to challenge as to whether the claims made against the
>           movant as pertaining to the drugs, firearms and
>           premises of the criminal act were hearsay.

Doc. 1 at PageID 4. The government presumes movant is complaining about the enhancements he received. Doc. 10 at 6. Assuming that to be the case, movant has not shown that his counsel did or failed to do anything that would have changed the outcome of the case. An attorney does not have a duty to raise meritless objections. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999). At sentencing, the court may consider any information having sufficient indicia of reliability, including hearsay. United States v. Ramirez, 271 F.3d 611, 612 (5th Cir. 2001). Here, the enhancements were supported by reliable evidence and movant has made no attempt to show otherwise.

In support of his second ground, movant simply says that his "constitutional rights were violated during the course of his criminal prosecution." Doc. 1 at PageID 5. Movant never identifies the constitutional right or the violation. The court has no idea what ground movant is seeking to raise. Vague references to constitutional rights are insufficient to raise an issue for relief under § 2255. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993).

Movant's third ground is likewise vague and conclusory. Movant says that he received an illegal sentence exceeding the sentencing guidelines. He provides no facts to support the contention. Doc. 1 at PageID 6. The court sentenced movant to the bottom of the guideline range. Movant challenged his guideline range on appeal and it was upheld. Heard, 891 F.3d at 575-76. In any event, § 2255 was not intended to provide a vehicle for obtaining review of ordinary errors that could and should be raised on direct appeal. Brown v. United States, 480 F.2d 1036, 1038 (5th Cir. 1973).

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED November 12, 2019.

/s/ John McBryde
JOHN McBRYDE
United States District Judge